UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendants.

Case No. C04-5589FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
JUNE 17th , 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss for failure to state a claim. The defendants argue this action is barred by a running of the statute of limitations.  (Dkt. # 21).

    In his response the plaintiff argues that the discovery rule and equitable tolling should apply to this action and either theory will render defendants' argument invalid.  (Dkt. # 30).  Defendants filed their reply.  (Dkt. #35.)  The undersigned concludes that neither the discovery rule nor equitable

REPORT AND RECOMMENDATION - 1

tolling apply to the facts of this case and, accordingly, recommends that this action be **DISMISSED AS TIME BARRED**.

### FACTS

Plaintiff was an inmate. Plaintiff alleges he had an earned early release date of March 28th, 1998. (Dkt. # 18). Plaintiff was not released by the Department of Corrections until sometime in March 2000. (Dkt. # 18). When he was released he was held for civil commitment proceedings by parties who are not named defendants in this action. Plaintiff was civilly committed June 27th, 2003. (Dkt. # 30).

Plaintiff filed this action claiming the Secretary of the Department of Corrections was liable for holding him past his earned early release date. (Dkt. # 9). The complaint was amended to include Kimberly Acker and Victoria Roberts, two persons who work for the Department of Corrections and may have referred plaintiff for civil commitment consideration. (Dkt. # 18).

### DISCUSSION

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a personal injury statute. In Washington a plaintiff has three years to file a personal injury action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release date on March 28th, 1998 when he was not released. The alleged violation was ongoing until March 2000 when he was finally released. For purposes of this motion, the court will use the March 2000 date for the statute of limitations analysis. Therefore, plaintiff had until March 2003 to file an action. This action was commenced on September 15th, 2004 when plaintiff filed for *in forma pauperis* status. (Dkt. # 1). The statue of limitation had run nearly 18 months earlier.

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v.

REPORT AND RECOMMENDATION - 2

Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

Plaintiff argues his cause of action did not accrue until the state court issued its decision in In re Dutcher, 114 Wn. App. 755 (2002). (Dkt. # 30, page 2.) This argument is without merit. The court's holding in Dutcher is not a factual element of plaintiff case. Rather, it is a legal determination that the facts in Dutcher stated a viable claim. The discovery rule relates to the discovery of facts and not legal conclusions. The rule is not available to this plaintiff.

Plaintiff next argues that equitable tolling applies to his case. In order for equitable tolling to apply, the plaintiff must show that some action of the state prevented him from filing his case in a timely manner. Del Guzzi Constr. Co. v. Global Northwest Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206, 955 P. 2d 791. (1998). Plaintiff fails to make that showing.

The plaintiff, for the first time, raises an issue in his response regarding the effect, if any, on a person being held beyond his earned early release date and the impact that may have on the jurisdiction of a court to consider a sexually violent predator petition. That issue has not yet been resolved by the state court. This issue, therefore, does not rescue the plaintiff's case from the statute of limitation defense raised by the defendants.

Plaintiff also argues there may be some type of conspiracy between the Department of Corrections and the parties who conduct the civil commitment proceedings. However, plaintiff has failed to allege or come forward with any evidence of bad faith. Del Guzzi Constr. Co. v. Global Northwest Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206, 955 P. 2d 791. (1998).

Plaintiff knew he had been denied his earned early release starting March 28, 1998 through March 2000. He failed to file within the three year time period. Accordingly, this action is time

REPORT AND RECOMMENDATION - 3

1 | barred and should be **DISMISSED WITH PREJUDICE.**

## CONCLUSION

For the reasons outlined above the undersigned recommends **DISMISSAL WITH PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 17th, 2005**, as noted in the caption.

DATED this 27th day of May, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4