UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE O. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>    Defendant. | Case No.  C04-5589FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff was an inmate who alleges that he had an earned early release date of March 28, 1998, but that he was not released until March 2000, when he was then held for civil commitment proceedings and civilly committed June 27, 2003.  Plaintiff brings this 42 U.S.C. § 1983 action claiming that the Department of Corrections liable for holding him past his earned early release date.  Plaintiff first moved to proceed *in forma pauperis* with this cause of action on September 15, 2004, which was granted, and he filed his Complaint November 12, 2004.

The Magistrate Judge recommends that this cause of action should be dismissed as time barred and that neither the "discovery rule" nor "equitable tolling" apply under the facts of this case.

Plaintiff objects to the Report and Recommendation arguing that (1) the Ninth Circuit has extended equitable tolling to cover Plaintiff's circumstances and that bad faith, deception, or false

ORDER
Page - 1

assurances by a defendant is not required under Washington law; and (2) this Court should certify the tolling issue to the Washington Supreme Court.

The Civil Rights Act, under which Plaintiff is proceeding, does not contain a statute of limitations. The U.S. Supreme Court has directed the lower federal court to apply the general state law limitations period for personal injury claims. *Felder v. Casey*, 487 U.S. 131 (1988). In Washington a plaintiff has three years to file a personal injury action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981).

Plaintiff does not dispute that he knew on March 28, 1998 that he was being held past his earned early release date when he was not released. Nevertheless, for purposes of this motion, the Magistrate Judge used March 2000 as the date for the calculation under the three-year statute of limitations. Thus, Plaintiff had until March 2003 to file this cause of action, but it was not commenced until September 15, 2004.

Plaintiff argues California law that provides for a tolling period of up to two years for a plaintiff "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than life." *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004).

*Jones* dealt with restrictive conditions curtailing physical access to a law library in administrative segregation in a county jail. *Jones* is inapposite to the facts in this case.

Contrary to Plaintiff's argument, Washington law on equitable estoppel is well developed. "Equitable estoppel will preclude a defendant from asserting the statute of limitations when the defendant's actions have fraudulently or inequitably induced a plaintiff to delay commencing suit until the applicable period of limitation has expired. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 885, 719 P.2d 120 (1986). "The predicates for equitable tolling are bad faith, deception or false assurances by the defendant and the exercise of due diligence by the Plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998). Plaintiff has not made the required showing. The Court declines to conclude that it is appropriate to toll the statute of limitations as suggested by Plaintiff.

The Court, having reviewed, the Report and Recommendation of Magistrate Judge Karen L. Strombom, objections to the report and recommendation, and the remaining record, does hereby find

and ORDER:

    (1)    The Court adopts the Report and Recommendation;

    (2)    This action is **DISMISSED WITH PREJUDICE** as time barred.

    (3)    The Clerk is directed to send copies of this Order to plaintiff, and to the Hon. Karen L. Strombom.

DATED this 22nd day of June 2005.

                                   FRANKLIN D. BURGESS
                                   UNITED STATES DISTRICT JUDGE